UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CHRISTOPHER RASH                     CIVIL ACTION

VERSUS                               NO: 13-2622

BISSO MARINE CO., INC.               SECTION: **"J"** (3)

## ORDER AND REASONS

Before the Court is Defendant Bisso Marine, LLC ("Bisso Marine")'s **Motion to Dismiss/Motion for a More Definite Statement (Rec. Doc. 6)**, Plaintiff Christopher Rash ("Mr. Rash")'s opposition thereto (Rec. Doc. 11), and Defendant's reply memorandum to the same (Rec. Doc. 12). Defendant's motion was set for hearing on October 23, 2013, on the briefs. The Court, having considered the motions and memoranda of counsel, the record, and the applicable law, finds that Defendant's motion should be **DENIED** for the reasons set forth more fully below.

## PROCEDURAL HISTORY AND BACKGROUND FACTS

This matter arises out of Mr. Rash's allegations of negligence under the Jones Act and general maritime law, as well as his claim of unseaworthiness and demand for maintenance and

1

cure under general maritime law. Mr. Rash, who is currently twenty-five years old, was hired as a commercial diver for Bisso Marine in September 2011. He alleges that in June 2012 he began to suffer pain in his hips and was later diagnosed with "bilateral osteonecrosis of the femoral heads," which condition caused an the interruption of blood supply and the possibility of "total hip collapse." Mr. Rash alleges that his physician, Dr. Clyburn, concluded that this condition was the result of Mr. Rash's career as a commercial diver.

Mr. Rash brought this suit on May 3, 2013 requesting maintenance and cure so that he may undergo surgery to avoid "total hip collapse." Bisso Marine agreed to pay for this surgery, and then Mr. Rash amended his Complaint to remove his request for punitive damages for failure to provide maintenance and cure and to add claims for unseaworthiness and negligence. As for his new claims, Mr. Rash's general theory is that Bisso Marine's improper dive and decompression procedures caused his injury. In lieu of answering the Amended Complaint, Bisso Marine filed the instant motion to dismiss and/or motion for a more definite statement on September 24, 2013.[1]

---

[1] Defendant's motion was originally set for hearing on October 9, 2013, but the Court granted Plaintiff's motion to continue the hearing date until October 23, 2013. (Rec. Doc. 8)

**PARTIES' ARGUMENTS**

Defendant argues that, rather than plead the "who, what, where, when, and why" in his Complaint, Mr. Rash only pleads the who (Bisso Marine). Bisso Marine maintains that Plaintiff's arguments are more akin to a strict liability or workers' compensation standard, wherein the employer would be liable for any injury, rather than to Mr. Rash's negligence and unseaworthiness claims. As such, Bisso Marine contends that Mr. Rash must allege specific instances of negligence to properly state his claim. Mr. Rash opposes this motion, arguing that he has put Bisso Marine on notice of his claims, as it is clear that he alleges that Bisso Marine's improper dive and decompression procedures caused his injuries. In the event that the Court grants the instant motion, however, Mr. Rash requests that he be granted leave to amend his Complaint.

**LEGAL STANDARD & DISCUSSION**

**A. Motion to Dismiss for Failure to State a Claim**

Under the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests." Dura Pharm., Inc. v. Broudo, 544 U.S. 336, 346 (2005). The allegations "must be

3

simple, concise, and direct." Fed. R. Civ. P. 8(d)(1).

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 547 (2007)). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. Lormand v. U.S. Unwired, Inc., 565 F.3d 228, 232-33 (5th Cir. 2009); Baker v. Putnal, 75 F.3d 190, 196 (5th Cir. 1996). The court is not, however, bound to accept as true legal conclusions couched as factual allegations. Iqbal, 556 U.S. at 678.

Mr. Rash properly alleges that: (a) he only worked as a commercial diver while employed by Bisso Marine, and (b) that his condition was caused by his commercial diving activities. Supplied with these facts, and taking them as true for the instant motion, the Court can properly infer that, *if* Mr. Rash's injuries were caused by negligence, they were necessarily caused by the negligence of Bisso Marine. Thus the missing link in the Complaint is whether Mr. Rash's condition was caused by negligence, which is something that can only be proven through

4

further discovery and litigation. Mr. Rash aptly points out that he will require: (a) information about Defendants' dive procedures that is in the hands of Bisso Marine, and (b) the aid of an expert to determine if Bisso Marine's equipment and procedures fall below the applicable standards. Such technical information and knowledge concerning diving procedures is not readily available to the Plaintiff in such an early stage of litigation. While the court recognizes that the information produced could very well result in the determination that Bisso Marine did everything correctly and was in no way at fault for Mr. Rash's injuries, the Court is equally cognizant of the possibility that the information could prove negligence. It is not the Court's duty at the motion to dismiss stage to determine whether the parties will ever have enough evidence to prove their claim, but only whether there is a plausible claim at all. See, Twombly, 550 U.S. at 556 (court must deny a motion to dismiss "even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely.") Thus, in light of the limited discovery expected of plaintiffs at the pleading stage, the Court finds that Mr. Rash has pleaded enough facts to state a claim. Wright v. Shell Offshore, Inc., No. 10-2108, 2011 WL 690520 (E.D. La., Feb. 7, 2011)(Barbier, J.).

**B. Motion for a More Definite Statement**

Federal Rule of Civil Procedure 12(e) permits a party to move for a more definite statement when "a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." FED. R. CIV. P. 12(e).  A party, however, may not use a Rule 12(e) motion as a substitute for discovery. See Mitchell v. E-Z Way Towers, Inc., 269 F.2d 126, 132 (5th Cir. 1959).  As a result of the liberal pleading standard set forth in Rule 8, Rule 12(e) motions are disfavored.  See id.  Rule 12(e) is ordinarily restricted to situations where a pleading suffers from "unintelligibility rather than want of detail."  2A MOORE'S FED'L PRAC. ¶ 12.18[1], at 2389 (2d ed. 1985).

In Verret v. North Star Marine, LLC, No. 09-3442, 2009 WL 3614502 (E.D. La., Oct. 28, 2009)(Roby, Mag. J.), the Court found that a defendant's motion for a more definite statement should be granted because the complaint at issue did not explain how the plaintiff was electrocuted, what equipment led to his electrocution, the facts leading up to the electrocution, the people involved, or the injuries he suffered. Bisso Marine contends that Mr. Rash also fails to provide the what, where, when, how, and why; however, the Court finds that the instant Complaint does not suffer from the same deficiencies as did the

6

complaint in <u>Verret</u>. Mr. Rash alleges that, while he was working as a commercial diver for Bisso Marine starting in September 2011, he was diagnosed with osteonecrosis, which his physician opines is tied to his commercial diving activity. Mr. Rash alleges that his injuries are a result of Bisso Marine's negligent equipment and/or procedures. Further, his Complaint clearly lays out his causes of action: maintenance and cure, Jones Act neglience, and general maritime negligence and unseaworthiness. From these allegations, Bisso Marine should be on notice of the claims against it and be able to properly respond to them. Bisso Marine's request that Mr. Rash supply specific instances of negligence cannot be satisfied because Mr. Rash appears to collaterally challenge Bisso Marine's diving procedures, thus his Complaint does not contemplate a single act of negligence that he simply chose to withhold from the pleadings. Therefore, finding that the Complaint is not unintelligible and that any further information must be left for discovery, the Court must deny the motion for a more definite statement.

Accordingly,

Bisso Marine's **Motion to Dismiss/Motion for a More Definite Statement (Rec. Doc. 6)** is **DENIED.**

7

New Orleans, Louisiana this 31st day of October, 2013.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE